| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)** | Order Filed on November 17, 2023<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| Albert Russo<br>Standing Chapter 13 Trustee<br>CN 4853<br>Trenton, New Jersey 08650<br>(609) 587-6888<br>Fax: (609) 587-9676 | Case No: 22-12153 MBK |
| | Chapter 13 |
| In Re:<br>     **DARYL MICHAEL DAVIS**<br>          Debtor(s) | Hearing: 10/25/23 Judge<br><br>Michael B. Kaplan |

**ORDER RESOLVING CREDITOR'S CERTIFICATION OF DEFAULT AND ESTABLISHING PROCEDURES FOR CONDUIT MORTGAGE PAYMENTS BY THE CHAPTER 13 TRUSTEE**

The relief set forth on the following pages, numbered two (2) through seven (7) is

**ORDERED.**

**DATED: November 17, 2023**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

1

This matter having been brought to the Court on Creditor's Certification of Default filed by Lakeview Loan Servicing, LLC; and, the parties having agreed to a resolution; and, the Court having considered papers filed regarding this matter and arguments of counsel, if any; and, this Order being submitted pursuant to D.N.J. LBR 9072-1(d), (7 Day Rule); and, no objection being received thereon; and, for good cause shown;

**IT IS HEREBY ORDERED**:

A. Post-petition mortgage payments made on claims secured by security interest in debtor's residence, payable to Lakeview Loan Servicing, LLC, at c/o Flagstar Bank, FSB, 5151 Corporate Drive, Troy, MI 48098, account number ending in 8805, shall be made by the debtor(s) to the Standing Chapter 13 Trustee ("Trustee") for payment through the Chapter 13 Plan.

B. Conduit Payment Terms:

1. Payments made by the debtor(s) to the Trustee shall provide sufficient funding to cover the Trustee Percentage Fees in an amount of all receipts for all claims, including the amounts needed for payment of the Conduit Mortgage Payments.

2. The Trustee, in making Conduit Mortgage Payments, may set up five (5) separate classes of mortgage claims, as follows:

   a) **Pre-petition Arrears.** This class shall include any pre-petition mortgage payments (including principal and interest, escrow(s), mortgage insurance, fees, charges, and other obligations provided for in the loan documents between the debtor and mortgage creditor (hereinafter the "Loan Documents")), and shall include the mortgage payment that comes due during the month of the petition date or conversion date.

   b) **Conduit Mortgage Payments.** This class shall include:

   1) Post-petition mortgage payments, beginning with the payment due in the third calendar month following the effective date of this Order; or

2

      2) Post-petition mortgage payments, beginning with the payment due in the third calendar month following the occurrence of any other event requiring the debtor to make Conduit Mortgage Payments

  c)   **Gap Payments.** This class shall include the post-petition mortgage payments due in the two (2) months:

      1) immediately after the petition is filed or the case is converted (but shall not include the mortgage payment due in the month of filing or conversion); or

      2) immediately after the occurrence of any other event requiring the debtor to make Conduit Mortgage Payments.

  d)   **Post-petition Charges.** This class shall include all payments due to the mortgage creditor as described in any Notice of Post-petition Mortgage Fees, Expenses, and Charges under Federal Rule of Bankruptcy Procedure 3002.1(c) ("3002.1(c) Notice") filed with the Court. The debtor will be responsible for reviewing all 3002.1(c) Notices within sixty (60) days of the date of filing of such Notice. If the debtor fails to file a timely objection, then the Trustee may pay the amounts claimed in the 3002.l(c) Notice. Any request for a refund for overpayment or obligation for an underpayment will be the sole responsibility of the debtor. Once the Trustee has filed a Plan Complete Letter, the debtor shall be directly responsible for any further post-petition charges.

  e)   **Post-petition Arrears.** This class shall include payments resulting from:

      1) any delinquency in the Conduit Mortgage Payment arising as a result of a moratorium; or

      2) the debtor's post-petition mortgage delinquency.

 C. **Trustee Plan disbursements**.

1. The current Conduit Mortgage Payment, including principal, interest, and escrow charges, is hereby fixed in the amount of $ _2,447.16 eff 11/1/23_ per month.

2. Post petition mortgage arrears through March, 2023 were previously to be cured outside the plan with a 6 month cure, by Order Doc # _39_ entered _4/12/23,_ and creditor attorney fees in the amount of $_538.00_ were added to the plan.

3. There are subsequent agreed post-petition mortgage arrearages. The debtor is post-petition due for July, 2023 through November, 2023 ( 2 payments @ $ 2,226.55 per month; 2 payments @ $ 2,497.86 per month; 1 payment @ $2,447.16; 3 payments @ $1,995.74 balance unpaid from prior order; less $1,271.31 suspense), totaling $16,611.89, for post petition arrears through and including November, 2023, which shall be payable through the Chapter 13 Plan. Lender's attorney shall be awarded legal fees and costs in the amount of $200.00, which shall be payable through the Chapter 13 Plan.

4. Two months Gap Payments for _December, 2023 & January, 2024_ in the amount of $_2,447.16_ each, for a total of _$4,894.32_, shall be payable through the Chapter 13 Plan. Conduit Payments to the creditor from the Trustee shall begin as of _February, 2024_.

5. The Debtor's plan payment to the Trustee shall hereby be adjusted to $_31,430.00_ paid to date (_19 mo); $1,618.00 x 1 (Nov, 2023); $_4,450.00_ per month (_40_ mo) beginning _December 1, 2023_. The debtor shall make the $_4,450.00_ Trustee payment beginning _December 1, 2023_ by way of ePay, or money order, cashiers or certified check remitted to Trustee's payment lock box. The Debtor shall immediately register for TFS automated withdrawal payments or eWage in sufficient time for such payments to be made for the _January, 2024_ Trustee payment. All terms of the confirmation order not inconsistent with this order are hereby incorporated herein.

  a) Unless otherwise ordered by the Court, Conduit Mortgage Payments will be retained by the Trustee until the entry of an Order Confirming Plan, after which time the Trustee shall commence

disbursements as soon as is practicable. Thereafter, disbursements by the Trustee will be made after receipt and posting of payments from the debtor, but no disbursements will be made until at least **fifteen (15) days** after posting to ensure funds are available.

b) All disbursements made by the Trustee will be made in accordance with the Trustee's established office policies and procedures and may not coincide with the payment due date set forth in the Loan Documents.

6. **Amount of Conduit Payments.** The sums required by the Trustee for disbursement to the Conduit Mortgage Payment class shall be in the amount:

a) the amount as initially set forth in paragraph C 1. above, and;

b) set forth in the mortgage creditor's allowed Notice of Mortgage Payment Change filed in compliance with the deadlines and service requirements set forth in Bankruptcy Rule 3002.1(b), and using the applicable official Forms.

7. **Notice of Payment Change.** Mortgage creditors shall file and serve a Notice of Mortgage Payment Change in accordance with the applicable Official Form, within the deadline, and in compliance with the service requirements set forth in F.R.B.P. 3002.1(b), to reflect any changes in the monthly mortgage payments or escrow amounts that occur during the term of the plan. The debtor will be responsible for reviewing all 3002.1(b) Notices within fifteen (15) days of the date of filing of such Notice. If the debtor fails to file a timely objection, then the Trustee may pay the amounts claimed in the 3002.1(b) Notice. Any request for a refund for overpayment or obligation for an underpayment will be the sole responsibility of the debtor. Once the Trustee has filed a Plan Complete Letter, the debtor shall be directly responsible for any further mortgage payments.

8. The Debtor submits to the supervision and control of the Trustee all or such portion of future earnings or other future income as is necessary for the execution of the plan

9. After confirmation, unless provided for in a modified plan, the Trustee is authorized to increase monthly plan payments by the amount necessary to fund the plan if the plan becomes no longer mathematically viable due to the filing of any of the following:

    a)   Notice of Mortgage Payment Change;

    b)   Notice of Post-petition Fees, Expenses, and Charges subject to C 3.

10. Trustee may increase the monthly payment plan by filing a Trustee Order or other order of the Court and provide notice to debtor and debtor's attorney.

11. Nothing in this plan should be interpreted to impair the right of any party in interest to seek the appropriate relief from the Court as a result of the debtor's failure to make Conduit Mortgage Payments or Plan Payments to the Trustee.

    a)   In the event of Default, if the Debtor fails to make Conduit Mortgage Payments or Plan Payments to the Trustee within fifteen (15) days of the date the payments are due, then the creditor, its successor or assigns, may obtain an Order Vacating the Automatic Stay as to the Collateral by filing, with the Bankruptcy Court, a Certification specifying the Debtor's failure to comply with this Order. At the time the Certification is filed with the court, a copy of the Certification shall be sent to the Chapter 13 Trustee, the Debtor, and the Debtor's attorney.

12. Payments from the Debtor to the Trustee that are returned for insufficient funds or for any other reason by the Trustee, or the Trustee's financial institutions, will be deemed "not received."

13. If the Debtor pays the Trustee less than the amounts needed to fund the Plan, the Trustee is authorized to apply the funds received and make disbursements in the following order:

    a)    Trustee Percentage Fees;

    b)    Conduit Mortgage Payments;

    c)    Gap payments, administrative claims, including debtor attorney fees, DSO and prompt cure

    d)    All other secured claims included in the plan, on a *pro rata* basis.

    e)    Priority unsecured claims on *a pro rata* basis;

    f)    General unsecured claims on *a pro rata* basis.

14. **Requests for moratoriums.** Requests for moratoriums filed in cases with Conduit Plans must be in the form of a modified plan that:

    a)    states the new plan terms, including the moratorium; and

    b)    treats any delinquency in the Conduit Mortgage Payment arising as aresult of the moratorium as post-petition arrears, with a proposed monthly payment amount.

    c)    The modified plan must be filed and served as required by the Bankruptcy Rules.

D.   **Mortgage Creditors.**

1. For so long as the debtor remains current in payments pursuant to the plan, and regardless of the date of disbursement of the Conduit Mortgage Payment by the Trustee, the mortgage creditor shall not: (1) declare the loan in default; (2) impose any post-petition charge incurred on account of any delay in the mortgage creditor's receipt of any payment paid pursuant to a this Order; or (3)seek to recover or assess late fees or penalties incurred on account of any delay in the Mortgage Creditor's receipt of any payment paid pursuant to a this Order..

2. For the purpose of disbursing payments, the Trustee will not acknowledge any change of the name or address of the mortgage creditoror servicer, or any transfer or assignment of claim, until a reasonable time after the filing of a notice that complies with Bankruptcy Rule 3001(e) and/or other

7

applicable Rules.

United States Bankruptcy Court

District of New Jersey

In re:  Case No. 22-12153-MBK

Daryl Michael Davis  Chapter 13

    Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-3     User: admin     Page 1 of 1

Date Rcvd: Nov 17, 2023     Form ID: pdf903     Total Noticed: 1

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 19, 2023:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | Daryl Michael Davis, 70 Woodhaven Rd, Toms River, NJ 08753-2062 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 19, 2023     Signature:     /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 17, 2023 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Albert Russo | on behalf of Trustee Albert Russo docs@russotrustee.com |
| Albert Russo | docs@russotrustee.com |
| Denise E. Carlon | on behalf of Creditor LAKEVIEW LOAN SERVICING LLC dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com |
| MaryBeth Schroeder | on behalf of Debtor Daryl Michael Davis marybeth@schroedermb-law.com |
| U.S. Trustee | USTPRegion03.NE.ECF@usdoj.gov |

TOTAL: 5